# **EXHIBIT K**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| A.B., *by and through his parents*, L.B. and M.B., *et al.*,<br><br>  *Plaintiffs*,<br><br>  v.<br><br>Premera Blue Cross,<br><br>  *Defendant*. | Civil No. 2:23-CV-00953-TSZ |

**WORLD PROFESSIONAL ASSOCIATION FOR TRANSGENDER HEALTH, INC.'S RESPONSES AND OBJECTIONS TO AMENDED RULE 45 SUBPOENA TO PRODUCE DOCUMENTS**

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, non-party World Professional Association for Transgender Health, Inc. ("WPATH"), through its undersigned counsel, hereby responds and objects to the March 15, 2024 amended subpoena for the production of documents ("Requests") served by Defendant Premera Blue Cross ("Defendant") in the above-captioned proceeding.

**GENERAL OBJECTIONS**

The following General Objections are incorporated in full into all Specific Objections set forth below:

1. These responses are made solely for the purpose of this action. By responding to the Requests, WPATH does not waive any objections that it may

1

have to admission into evidence of these responses, or any documents produced in response to the Requests on any applicable grounds.

2.      WPATH objects to the Requests to the extent that they impose obligations that go beyond, or that are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of the Court, any Order of the Court, or any other applicable law, rule, or order (collectively "Discovery Rules").

3.      WPATH objects to the Requests to the extent they seek discovery beyond any relevant, responsive, non-privileged, and non-duplicative information or documents in its possession, custody, or control that would be located after a reasonable search proportional to the needs of the case.

4.      WPATH objects to the Requests, and to the definitions and instructions included in this set of Requests, to the extent that they purport to require that WPATH identify and provide discovery with regard to "each," "all," "any," or similar all-encompassing wording on the grounds that the Requests are individually and collectively overly broad and unduly burdensome and seek discovery not relevant to the parties' claims and defenses nor proportional to the needs of the case.  To the extent that the Requests seek information or documents that are not reasonably accessible because they cannot be retrieved or produced without undue burden or cost, WPATH objects because the Requests are overly broad and unduly burdensome.

5. WPATH objects to the Requests to the extent they seek documents no longer reasonably obtainable by WPATH due to the passage of time, employee turnover, or because the information is not stored on active systems.

6. WPATH objects to the Requests to the extent that they seek production of confidential or other sensitive information, and to the extent they seek discovery of sensitive non-public information or disclosure of information protected by any confidentiality obligation owed a third party.

7. WPATH objects to the Requests to the extent that they seek production of documents that are protected by the attorney-client privilege, the work product doctrine, the joint-defense or common interest privilege, privacy laws (including patient and healthcare privacy laws), any other applicable privilege, protection, or immunity, or that are otherwise exempted from discovery. WPATH hereby asserts all applicable privileges and protections to the extent implicated by each Request, whether based on statute or regulation or recognized at common law. In the event that any privileged document is produced by WPATH, its production is inadvertent and does not constitute waiver of any privilege, protection, or immunity.

8. WPATH objects to the Requests to the extent that they seek production of documents that are protected by the First Amendment privilege, including but not limited to associational information. *See, e.g., Perry v.*

3

*Schwarzenegger*, 591 F.3d 1147, 1152 (9th Cir. 2010) (recognizing that where "discovery would have the practical effect of discouraging the exercise of First Amendment associational rights, the party seeking such discovery must demonstrate a need for the information sufficient to outweigh the impact on those rights").

9. WPATH's objections are made to the best of its knowledge, information, and belief. WPATH reserves the right to revise, correct, clarify, supplement, and/or amend the objections set forth herein, and reserves its right to assert any and all other defenses or objections, including those permitted by the Discovery Rules and the case law.

**OBJECTIONS TO DEFINITIONS**

1. WPATH objects to the definitions of "You" and "Your" on the grounds that they are overly broad, vague, ambiguous, and unduly burdensome to the extent they seek production of information from entities other than WPATH. In responding to these Requests, WPATH will construe "You" and "Your" to refer to WPATH.

2. WPATH objects to the definition of "Document" and "Documents" to the extent that they seek to impose obligations on WPATH beyond those imposed by the Discovery Rules and/or seek information or documents not in WPATH's possession, custody, or control.

4

3. WPATH objects to the definition of "Communication" and "Communications" to the extent that they seek to impose obligations on WPATH beyond those imposed by the Discovery Rules and/or seek information or documents not in WPATH's possession, custody, or control.

## OBJECTIONS TO INSTRUCTIONS

1. WPATH objects to Instruction No. 4 as overly broad and unduly burdensome to the extent it seeks to impose a continuing obligation on WPATH to conduct discovery and produce documents responsive to the Requests. To the extent WPATH produces any material in response to the subpoena, it will be material that existed as of the date of service of the subpoena.

2. WPATH objects to Instruction Nos. 5, 7-10, 13, 15, and 16 to the extent that they impose obligations that go beyond, or that are otherwise inconsistent with the Discovery Rules.

# SPECIFIC RESPONSE TO
# REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1**:

Produce all Communications and Documents You produced in response to subpoenas issued by parties litigating *Boe v. Marshall*, No. 2:22-cv-184-LCB (M.D. Ala.).

**RESPONSE TO REQUEST NO. 1:**

WPATH incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. WPATH further objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case, particularly in light of WPATH's status as a non-party. *See, e.g.*, *Va. Dep't of Corrs. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019); *N. Carolina Right to Life, Inc. v. Leake*, 231 F.R.D. 49, 51–52 (D.D.C. 2005). WPATH further objects to the Request to the extent it seeks information subject to a third party's right of privacy or protection. WPATH further objects to the Request to the extent that it seeks production of documents that are protected by the First Amendment privilege, including but not limited to associational information. *See, e.g.*, *Perry v. Schwarzenegger*, 591 F.3d 1147, 1152 (9th Cir. 2010) (recognizing that where "discovery would have the practical effect of discouraging the exercise of First Amendment associational rights, the party seeking such discovery must

6

demonstrate a need for the information sufficient to outweigh the impact on those rights"). For additional information on these objections, we direct you to our letter of March 21, 2024.

| | |
|---|---|
| Dated: March 29, 2024 | Respectfully submitted,<br><br>*/s/ Cortlin H. Lannin*<br>Cortlin H. Lannin<br>COVINGTON & BURLING LLP<br>Salesforce Tower<br>415 Mission St.<br>San Francisco, CA 94105<br>Phone: (415) 591-6000<br>CLannin@cov.com<br><br>Michael L. Rosenthal<br>Brenden J. Cline<br>COVINGTON & BURLING LLP<br>One CityCenter<br>850 Tenth St., NW<br>Washington, DC 20001<br>Phone: (202) 662-6000<br>MRosenthal@cov.com<br>BCline@cov.com<br><br>Dylan M. Silva<br>COVINGTON & BURLING LLP<br>1999 Avenue of the Stars<br>Los Angeles, CA 90067<br>Phone: (424) 332-4800<br>DSilva@cov.com<br><br>*Counsel for Non-Party World Professional Association for Transgender Health, Inc.* |

8

## **CERTIFICATE OF SERVICE**

I, the undersigned, certify that copies of the foregoing **World Professional Association for Transgender Health, Inc.'s Responses and Objections to Amended Rule 45 Subpoena to Produce Documents** were delivered to the following parties by electronic mail:

    Gwendolyn C. Payton
    1420 Fifth Ave., Ste. 3700
    Seattle, WA 98101
    gpayton@kilpatricktownsend.com

Dated: March 29, 2024

    */s/ Brenden J. Cline*
    Cortlin H. Lannin
    Covington & Burling LLP
    One CityCenter
    850 Tenth St., NW
    Washington, DC 20001
    Phone: (202) 662-6000
    BCline@cov.com

    *Counsel for Non-Party World Professional Association for Transgender Health, Inc.*